Wolff vs. Wolff.

## No. 11,688.

## No. 11,686.

SAM WOLFF VS. MOSES WOLFF.

MOTION SEASONABLY MADE.—The production of a merchant's books may be ordered on motion after the trial has begun, if no delay in the trial is thereby occasioned.

QUESTION NOT IRRELEVANT.—The defendant could be interrogated regarding the part taken by alleged preferred creditors for the purpose of showing that they participated in the fraudulent concealment of his books. If true, it would not be an irrelevant circumstance in sustaining the charge that there was collusion on the part of those thus participating.

APPEAL from the Fifth Judicial District Court, Parish of Morehouse. Potts, J.

Bussey & Naff for Plaintiff, Appellee.

E. T. Lampkin, Samuel T. Baird and Saunders, Miller, Smith & Hirsh for Intervenors, Appellants.

The opinion of the court was delivered by

BREAUX, J. The plaintiff claimed an amount of three thousand dollars as due him by the defendant and sued out a writ of attachment under which the latter's property was attached. Other creditors, a short time subsequent, also sued out attachment; of the number

were Lehman, Stern & Co. and H. B. Claflin & Co.   In the different petitions for attachment the usual grounds for attachment are alleged. Lehman, Stern & Co. and H. B. Claflin, intervenors, oppose plaintiff and defendant, and complain of the action of the creditors whose attachments precede their own.   They charge that the plaintiff was not a creditor of the defendant, and that the amount of his claim was acknowledged by the latter to screen his property; that a collusive agreement was entered into whereby illegal preference was given to the creditors, who fraudulently obtained writs of attachment on the day preceding their own. This averment is particularly directed against plaintiff.   The intervenors, Lehman, Stern & Co., have sufficiently proved up their claim; the others, Claflin & Bro., have not.

As to the grounds for attachment the facts are that the defendant was insolvent, and had given ample cause to sustain the affidavits of the attaching creditors appended to their petitions for attachment.

The question is, collusion *vel non* between certain creditors (particularly the plaintiff) named by the intervenors in their petition and the defendant.

On the issues presented the case was tried.   The judgment was for the plaintiff and intervenors' demand rejected.   The latter appeal.

### BILLS OF EXCEPTIONS.

Intervenors' counsel offered a motion on the morning the case was taken up for trial to compel plaintiff to produce books described in the motion.   They alleged that it would be shown by these books that the defendant was not indebted to plaintiff.   The trial took two days of the court's time.

The objection urged, and which was sustained by the court, was that it was offered after the trial had begun, and was too late.

It is not anywhere made evident by the pleadings or the evidence before us that the regular course of the trial would have been interfered with or delayed had the order been given by the court.   The bill of exception was taken in the case at bar contradictorily between plaintiff and intervenor, as shown by the title and number.

A condensed narrative of the bill reads:

Intervenor, through counsel, offered to file a motion to produce

his private and mercantile books, for the purpose of showing that the defendant was not indebted to the plaintiff.

"This motion to produce was objected to by plaintiff's counsel upon the ground that the motion was attempted to be filed after the case had been taken up for trial, and was therefore too late; which objection was sustained by the court, and intervenors were not allowed to file said motion to produce."

The only objection interposed, was that the order should have been applied for before going into the trial.

Under the Art. 475, C. P., the production of books and papers may be ordered on motion, after the trial has begun.

It follows as a conclusion that the motion was seasonably made.

The intervenors also excepted to the court's ruling, refusing to allow them to propound questions to defendant, Moses Wolff, as their witness, regarding the commercial books he carried away and concealed.

It had been previously decided, in passing upon a motion to compel plaintiff to produce the book in question, that any question propounded with a view of obtaining possession of these books was inadmissible.

The defendant represented to the court that the real object of the intervenors was to force him to produce his books, showing amounts due him, so that they might attach and seize them.

The court ordered the production of the books *instanter*. The defendant having failed to comply with the order, the fact that the books show no mention of the notes among the bills payable was taken for confessed.

The ruling is final, no bill of exceptions having been taken.

While it is settled that the defendant can not be forced to produce his books, we do not think, although he was a witness for the intervenors, that he can be sustained in his refusal to answer a question propounded in due form, with the view of showing that these books were delivered to an attaching creditor, or that some of his attaching creditors assisted the witness in concealing his books.

It does not seem that the object was to impeach the veracity of the witness, but to show the fact as charged against these attaching creditors.

" The object was to show the true facts, not merely to discredit th

witness." Rapalje, p. 353. "Law of Witnesses," on the general rule forbidding impeachment of witnesses.

We think the case should be remanded for further proof, and that plaintiff's books, should be produced and admitted in evidence.

It is therefore ordered, adjudged and decreed that the judgment herein rendered be annulled, avoided and reversed.

And it is now ordered that the case be remanded to the District Court for the purpose of admitting plaintiff's books in evidence, and hearing further evidence, especially as to alleged collusion and fraudulent preference given by defendant to certain creditors, who preceded by attachment, and to enable intervenors to place their claims properly before the court. All costs to abide the final determination of the suit.

Rehearing refused.